UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Lee Fuller, #237861, | ) | C/A No. 3:11-2645-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Gina R. Kelly, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Kevin Lee Fuller ("Plaintiff"), proceeding *pro se*, brings this civil action seeking money damages and other relief. Plaintiff is an inmate at the Stevenson Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Although the Complaint herein has been filed pursuant to § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is

frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, although this Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys, *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Background

Plaintiff alleges that prior to his current incarceration, on January 9, 2009, Defendant Gina Kelly falsely accused him of driving her truck into a tree and totaling the vehicle. Plaintiff alleges that she reported this false incident to the South Carolina Highway Patrol ("SCHP"). Plaintiff seems to allege that the SCHP did not contact him to discuss the alleged accident. Instead, Plaintiff alleges that, "[t]he accident was reported on my official driving record. This was done without my knowledge or any proof that I committed the offense." Plaintiff alleges that Defendant, Defendant's insurance provider, and the SCHP "falsified records and failed to properly investigate the claim." Plaintiff alleges that the Defendant's actions deprived him of a job and income, resulting in financial burdens, emotional pain, and stress. Plaintiff seeks money damages and certain injunctive relief to obtain documents and information.

## Discussion

It appears that Plaintiff may be intending to bring a claim pursuant to 42 U.S.C. § 1983, presumably on the ground that his constitutional rights were violated when he was wrongfully

labeled for, or convicted of, a driving offense based on a false witness report. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that Gina Kelly, the Defendant, lied to the SCHP and to her automobile insurance company when she told them that Plaintiff had driven her truck into a tree and totaled it, and that when the false incident was reported on his official driving record, he suffered damages. However, Gina Kelly appears to be a private citizen and not a law enforcement officer, and with few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Even assuming that the Defendant telephoned the SCHP and told a lie about Plaintiff, which the SCHP allegedly believed, such conduct by a private citizen does not constitute state action. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir.2000). Thus, this case fails to state a claim under 42 U.S.C. § 1983 against Gina Kelly.

Further, while it appears that Gina Kelly is the sole defendant, if Plaintiff has intended to also bring suit against the SCHP[1] for a violation of his constitutional rights, Plaintiff's action still should be summarily dismissed for two reasons. First, the SCHP is not a "person" subject to suit pursuant to § 1983. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL

---

[1] On the first page of the Complaint, Plaintiff listed "South Carolina Highway Patrol" in the caption as a defendant, but then Plaintiff struck it out. Compl. 1. On the second page of the Complaint, Plaintiff noted that the South Carolina Highway Patrol is an additional defendant. Compl. 2. However, in the caption of the Motion for Leave to Proceed *in forma pauperis*, Plaintiff named only Gina Kelly as the defendant, and Plaintiff has submitted a proposed summons only for Gina Kelly. Thus, the Clerk of Court appropriately listed Gina Kelly as the sole defendant.

3

2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, or group of individuals employed by a state agency are not "persons" amenable to suit under § 1983). Secondly, the SCHP is an instrumentality of a state agency, the South Carolina Department of Public Safety, which has Eleventh Amendment immunity from suit for damages brought in this Court. *See Redding v. Boulware*, C/A No. 0:09-1357-HFF-PJG, 2011 WL 4501948, at *2 (D.S.C. Aug. 9, 2011), *adopted by*, 2011 WL 4527362 (D.S.C. Sept. 29, 2011). Under *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), a state must expressly consent to suit in a federal district court, and the State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

Alternatively, Plaintiff may have intended to bring only state law causes of action for libel or slander against the Defendant due to her alleged defamation of Plaintiff's character. Defamation is the "act of harming the reputation of another by making a false statement to a third person." Black's Law Dictionary (9th ed. 2009).[2] However, Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). *See also Liberty Univ. v. Geithner*, No. 10-2347, 2011 WL 3962915, at *4 (4th Cir. Sept. 8, 2011) (discussing a federal court's independent obligation to examine its subject matter jurisdiction). In order to have jurisdiction over any state law course of action, Plaintiff would need

---

[2] Slander usually refers to acts of defamation that are "expressed in a transitory form, esp. speech," while libel refers to acts of defamation that are expressed "in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast." Black's Law Dictionary (9th ed. 2009).



4

to satisfy the requirements of the federal diversity statute, 28 U.S.C. § 1332. *See Central West Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, Plaintiff's allegations indicate that Plaintiff and Defendant are both domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, if Plaintiff intended to bring only state law claims, this Court has no diversity jurisdiction over this action.[3]

Finally, if Plaintiff intended to bring both a constitutional claim and state law claims, this Court could have jurisdiction over the state law tort claims through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims, as long as the state claims are "so related" to the federal claims "that they form part of the same case or controversy." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Title 28 U.S.C. § 1367(a). However, once the federal question claim is removed, the remaining state claims should not be adjudicated. 28 U.S.C. § 1367(c). Hence, because it is recommended that the purported federal constitutional claim be dismissed, this Court should decline to exercise supplemental jurisdiction over any state law claims pursuant to § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

---

[3] Notably, Plaintiff is not without a judicial remedy. He may bring suit against the defendant in a South Carolina court.

5

## Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

Bristow Marchant
United States Magistrate Judge

October 13, 2011
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

