IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Lee Fuller, #237861, ) | |
| ) | C/A No. 3:11-2645-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Gina R. Kelly, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Kevin Lee Fuller is an inmate in custody of the South Carolina Department of Corrections who currently is housed at the Stevenson Correctional Institution in Columbia, South Carolina. On September 30, 2011, Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant Gina R. Kelly, alleging as follows:

> 1) Gina R. Kelly on 1/9/09, in Elgin SC did call the SCHP and made a claim stating I had driven her truck into a tree and totaled it.
>
> 2) That the SCHP, or no other law enforcement, contacted me, Kevin Lee Fuller, about the alleged accident. The accident was reported on my Official Driving Record. This was done without my knowledge or any proof that I committed the offense. Furthermore, Gina R. Kelly's insurance provider, Gina R. Kelly, and the S.C. Highway Dept., falsified records and failed to properly investigate the claim. These actions deprived me of a job and income, thus causing me financial burdens and emmotional [*sic*] pain and stress. - End of Claim.-

Complaint 3 (ECF No. 1).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, and applicable precedents. On October 13, 2011, the Magistrate Judge filed a Report and Recommendation in which he recommended, among other things, that the complaint be summarily

dismissed because Defendant is not a state actor for purposes of § 1983. In addition, the Magistrate Judge recommended that, to the extent Plaintiff might be attempting to allege a state cause of action against Defendant, the court lacks subject matter jurisdiction. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

November 15, 2011

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**